UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>           Plaintiff,<br><br>    v.<br><br>F. JIMENEZ, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:05-CV-00836-REC-LJO-P<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM FOUND TO BE COGNIZABLE BY COURT<br><br>(Doc. 1) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Robert Trevino ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 27, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
4 and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
5 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6 and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
7 complaint only if it is clear that no relief could be granted under any set of facts that could be proved
8 consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
9 prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
10 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
11 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
12 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
13 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
14 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
15 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
16 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
17 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
18 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19    B.    Summary of Plaintiff's Complaint

20    The events at issue in this action allegedly occurred at the California Substance Abuse
21 Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff
22 names Medical Technical Assistant F. Jimenez, Correctional Officers J. Lozano and T. Henne,
23 Correctional Sergeant D. Bryan, and Correctional Lieutenant Akin as defendants. Plaintiff is seeking
24 money damages.

25    In his complaint, plaintiff alleges that on December 15, 2004, defendant Lozano informed
26 him that he was getting a cellmate. When plaintiff saw his cellmate-to-be, inmate Gonzales, he
27 informed defendant Lozano that they did not get along previously and there was a potential for
28 ///

conflict between them. After plaintiff refused Gonzales as a cellmate three times, defendant Lozano threatened plaintiff, who then relented and allowed Gonzales to enter his cell.

Plaintiff alleges that on December 16, 2004, Gonzales armed himself with a prison-made knife and attacked plaintiff after plaintiff got out of bed and used the toilet. Plaintiff alleges that he did not attack Gonzales in return and attempted only to block the blows. Plaintiff alleges that Gonzales stabbed him and choked him until he almost lost consciousness. Plaintiff alleges that Gonzales would have strangled him if defendant Henne had not heard Gonzales banging plaintiff into the cell door and arrived on the scene.

Plaintiff alleges that he sustained two stab wounds to his arm, which were bleeding. After plaintiff was placed in the lower shower, defendant Jimenez, an MTA, completed a medical incident report. Plaintiff requested that his wounds be stitched and photographed, and subsequently requested that he receive a tetanus shot and his wounds be cleaned out and bandaged. Plaintiff alleges defendant Jimenez did not respond to his requests. Plaintiff alleges his wounds continued to bleed, and he received ointment and bandages later that day from MTA Green when Green made his rounds and saw plaintiff's wounds. Plaintiff alleges that Green also documented that plaintiff had been stabbed by his cellmate and that the wounds were consistent with a pen or pencil puncture.

Plaintiff was issued a Rules Violation Report by defendant Henne following the incident with inmate Gonzales. The RVR was approved by defendant Bryant. Defendant Lozano was assigned as plaintiff's investigative employee and plaintiff's disciplinary hearing was conducted by defendant Akin. Defendant Akin found plaintiff guilty of mutual combat. Plaintiff alleges that defendant Henne falsified the RVR by stating that he observed things he could not have observed, such as plaintiff striking inmate Gonzales, and that defendant Jimenez failed to document accurately plaintiff's injuries and statement in the medical incident report. Plaintiff alleges that defendant Lozano failed to ask inmate Gonzales the questions that plaintiff wanted asked, and failed to document that plaintiff requested Jimenez as a witness at the hearing. Plaintiff alleges that defendant Akin agreed to postpone the hearing after plaintiff stated he wanted Jimenez at the hearing, but at the next hearing, Jimenez was again not there and defendant Akin denied plaintiff's request that Jimenez appear.

C. <u>Plaintiff's Claims</u>

    1. <u>Eighth Amendment Claims</u>

        a. <u>Failure-To-Protect Claim</u>

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id</u>.; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. <u>Id</u>. at 837-45.

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendant Lozano for violation of the Eighth Amendment for forcing plaintiff to share his cell with inmate Gonzales despite being notified of previous problems between plaintiff and Gonzales. Fed. R. Civ. P. 8; <u>Swierkiewicz</u>, 534 U.S. at 512-15; <u>Austin</u>, 367 F.3d at 1171; <u>Jackson</u>, 353 F.3d at 754; <u>Galbraith</u>, 307 F.3d at 1125-26. However, plaintiff's allegation that defendant Lozano's conduct also violated his rights under the Fourteenth Amendment is without merit. <u>Patel v. Penman</u>, 103 F.3d 868, 874 (9th Cir. 1996) ("Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for

///

4

analyzing a plaintiff's claims.") (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

b. Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are insufficient to support a claim for relief under section 1983 against defendant Jimenez for violation of the Eighth Amendment. The Eighth Amendment is not intended to protect plaintiff against medical negligence. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Defendant Jimenez's

failure to respond to plaintiff's requests for stitches, cleansing of his wounds, or bandages, and defendant Jimenez's failure to document certain information in his report that plaintiff wanted documented do no support a claim that defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Plaintiff's disagreement with how defendant Jimenez addressed his injuries and plaintiff's opinion that he was not provided with "decent" medical care do not support a claim for relief under section 1983. As previously set forth, the Eighth Amendment was never intended to protect against what amounts to, at most, negligence.

        2.    Due Process Claim

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The state does not create protectable liberty interests by way of mandatory language in prison regulations. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Rather, the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Although plaintiff alleges that he was found guilty of mutual combat, plaintiff fails to allege what punishment was imposed against him. Although plaintiff refers in his complaint to attached exhibits, no such exhibits were received by the court. Without information on what punishment was imposed, the court cannot determine whether or not plaintiff had a protected liberty interest at stake. Unless plaintiff had a protected liberty interest at stake, plaintiff may not pursue a claim for relief under section 1983 for denial the procedural due process protections due under Wolff v. McDonnell,

///
///

418 U.S. 539, 556 (1974).[1]  Thus, at this juncture, plaintiff fails to state a claim upon which relief may be granted under section 1983 for denial of due process.

### 3. Equal Protection Claim

Plaintiff alleges that defendatns Lozano, Henne, Bryant, and Akin violated his right to equal protection. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Although plaintiff alleges an equal protection claim, plaintiff's complaint is devoid of any facts that would support such a claim.

### D. Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendant Lozano for failing to protect plaintiff, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may

---

[1] "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendant Lozano for violation of the Eighth Amendment, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Lozano.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or

///
///

8

        b.    Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Lozano on his Eighth Amendment failure-to-protect claim; and

3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    April 5, 2006**                    **/s/ Lawrence J. O'Neill**
b9ed48                                         UNITED STATES MAGISTRATE JUDGE